

JUN 1 4 2019

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

S.T.,
by his next friend SHONTE L. TAYLOR,

        Plaintiff,

v.                                                         ACTION NO. 2:18cv513

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Shonte L. Taylor ("plaintiff"), proceeding *pro se*, brought this action on behalf of her minor son, S.T., pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a decision of the Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed December 11, 2018. ECF No. 10. It is hereby recommended that the plaintiff's motion for summary judgement, ECF No. 13, be GRANTED in part and DENIED in part, and the Commissioner's motion to remand to the SSA, ECF No. 14, be GRANTED.

## I.   **PROCEDURAL BACKGROUND**

The plaintiff filed an application for SSI on October 18, 2013, on behalf of her minor son, S.T., alleging that he became disabled on June 1, 2012, due to attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD").   R.[1] 11, 72, 134–43.   The plaintiff's claim was denied initially on April 3, 2014, and upon reconsideration on June 18, 2014. R. 92–96, 102–10.   At the plaintiff's request, an administrative law judge ("ALJ") heard the matter on February 22, 2016, and at that hearing evidence was received from S.T., the plaintiff, and Eugene Leftwich, S.T.'s in-home counselor.   R. 29–71.   On May 18, 2016, the ALJ denied the plaintiff's claim, concluding that S.T. was not disabled from October 18, 2013 through the date of the decision.   R. 8–24.

On September 1, 2016, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.   R. 1–3.   Therefore, the ALJ's decision was the final decision of the Commissioner for purposes of judicial review.   *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. § 416.1481. Having exhausted all administrative remedies, the plaintiff filed a *pro se* complaint with this Court on December 20, 2016, seeking judicial review of the Commissioner's decision to deny the plaintiff's application for SSI under Title XVI of the Social Security Act.   R. 464–65; *S.T. v. Berryhill*, No. 2:16cv717 (E.D. Va. Dec. 20, 2016).

On January 12, 2018, the decision of the Commissioner was vacated and remanded to the Commissioner for further proceedings.   R. 460–62.   Specifically, the Commissioner was asked to give support for her conclusion that S.T. had a less than marked limitation in the "attending and completing tasks" domain by considering: (1) a doctor's report from 2013 and another from 2014,

---

[1] Page citations are to the administrative record that the Commissioner previously filed with the Court.

(2) two teachers' opinions from 2016, (3) S.T.'s 504 plan, and (4) a doctor's report from 2016.  R. 486–90.

On October 5, 2017, the plaintiff filed a subsequent application for SSI benefits.  R. 540. On December 12, 2017, the state agency issued a favorable determination, granting the plaintiff disability benefits for S.T. starting on October 5, 2017.  R. 528–36.  As to the issue of S.T.'s disability before October 5, 2017, the ALJ conducted another hearing on May 23, 2018, according to this Court's remand instructions.  R. 425–59, 540.  On August 30, 2018, the ALJ returned a decision partially favorable, finding that S.T. became disabled on January 1, 2017.  R. 537–59.

On October 5, 2018, the plaintiff filed a *pro se* complaint seeking judicial review of the Commissioner's August 2018 decision denying S.T. disability benefits prior to January 1, 2017, and asking this Court to grant damages for pain and suffering.  ECF No. 3 at 3.  On December 10, 2018, the Commissioner filed an answer.  ECF No. 8.  In response to this Court's order, the plaintiff filed a motion for summary judgment on January 11, 2019.  ECF No. 13.

On February 11, 2019, the Commissioner filed a motion to remand to the SSA.  ECF No. 14.  In the supporting memorandum filed on the same date, the Commissioner asked that the ALJ's most recent decision be reversed and remanded to an administrative law judge pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  ECF No. 15 at 1.

## II.    ANALYSIS

There are two types of remands under 42 U.S.C. § 405(g): sentence four and sentence six. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  A sentence four remand affirms, modifies, or reverses the decision of the Commissioner, and terminates the action presently before the court. *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990).  A sentence six remand does not affirm, modify, or reverse the Commissioner's decision, but rather retains jurisdiction over the action pending

3

completion of the remand proceedings. *Melkonyan*, 501 U.S. at 98; *see also Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). A court may remand a case pursuant to sentence six for the consideration of new evidence that was not available at the time of the administrative proceeding and may have changed the outcome of the proceeding. *Id.* A sentence four remand is warranted in this case where the Commissioner believes further administrative action is warranted and has requested an order "reversing the decision of the Commissioner," 42 U.S.C. § 405(g), and remanding the case to the ALJ to "(1) obtain medical expert evidence to assess the nature and severity of S.[]T.'s functional limitations prior to the established onset date of January 1, 2017, and (2) issue a new decision." ECF No. 15 at 1.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that: (1) the plaintiff's motion for summary judgment, ECF No. 13, be GRANTED, to the extent the plaintiff is requesting a remand of the Commissioner's final decision, and DENIED to the extent the plaintiff is requesting an award of benefits; (2) the Commissioner's motion to remand, ECF No. 14, be GRANTED; and (3) the final decision of the Commissioner be REVERSED and REMANDED for further proceedings consistent with this report and recommendation.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party

may respond to another party's objection within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June *14*, 2019

5

## **Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for defendant, and was mailed this date to:

> Shonte L. Taylor
> P.O. Box 6453
> Newport News, VA 23606

Fernando Galindo, Clerk

By _Danielle Nelson_
      Deputy Clerk

_____6/14_____, 2019